JOHN P. DINOVO, APPELLANT, V. BEVERLY D. DINOVO, APPELLEE.

470 N.W.2d 174

Filed June 7, 1991.    No. 89-047.

Jerome J. Ortman for appellant.

Gordon R. Hauptman, of Hauptman, O'Brien, Wolf, Hadley & Lathrop, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage, divided the marital property, and awarded alimony and attorney fees to the respondent wife.

The petitioner husband has appealed and alleges as error (1) the duration of the alimony award; (2) the condition that the alimony is not subject to revision, amendment, or modification; (3) the division of property; (4) the valuation of his Bell System savings account; and (5) the award of attorney fees.

In appeals involving actions for dissolution of marriage, the Supreme Court reviews the record de novo to determine if the district court abused its discretion. In the absence of such an abuse, the trial court's findings will not be reversed. When the evidence conflicts, this court will consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts over another.

*Rogers v. Rogers*, 231 Neb. 313, 314, 435 N.W.2d 915 (1989).

The parties were married on February 10, 1962. The petitioner brought to the marriage his three children from a prior marriage, and the parties had one child, who was born in 1964. The petition for dissolution was filed on April 9, 1987.

At the time of trial on May 24 and July 25, 1988, the petitioner was 57 years old and had worked at AT&T for 18 years. He has an engineering degree from the University of Nebraska at Omaha and a master's degree from Drake University.

The petitioner hoped to be able to work for at least 2 more years. His income for 1987 was approximately $4,130.84 per month, and his net after taxes was approximately $2,869.05. His monthly living expenses were estimated to be about $1,792.49.

The petitioner also owns a bakery in Elk Horn, Iowa, which he bought for $5,000. The bakery has lost money every year since he bought it, but he has not sold it because he hopes to make it operate successfully and because his sister needs the job it provides her.

The respondent was 48 years old at the time of trial. She quit her job shortly after the marriage to raise the petitioner's children and the parties' daughter after she was born. Starting in 1970, the respondent worked seasonally to earn money for Christmas presents, and in 1983, she returned to work on a part-time basis at an optometrist's office.

The petitioner suffers from gastrointestinal difficulty and has back problems due to degenerated disks in his lower back. His back condition causes extreme limitation of range of motion. The petitioner testified that if he were forced to retire because of his health, he would receive no pension until he had 20 years in his savings plan, and if he retired prior to age 65 but after his savings plan had vested, he would receive only a small pension. At age 65, he would receive $970.82 per month from his pension fund at Bell System savings.

The respondent has had breast cancer and two major surgeries to remove her breasts. She also had a hysterectomy in 1982 and a tumor removed from her left breast in 1985. She has high blood pressure and was treated for early signs of diabetes. Because of her health problems, her doctors do not think she

should work more than 14 to 16 hours a week. At the time of trial, she was working about 16 hours a week for an optometrist and earning approximately $300 a month take-home pay from that job.

The evidence regarding the valuation of the marital property was in conflict. The marital property of the parties was divided as follows:

| | |
|---|---|
| To petitioner: | |
| Bell System savings | $72,000 |
| IRA | 7,364 |
| Bakery money account | 2,300 |
| Life insurance cash value | 10,000 |
| Total | $91,664 |
| | |
| To respondent: | |
| House | $62,500 |
| IRAs | 9,313 |
| Chevy | 100 |
| FirsTier savings | 1,100 |
| Total | $73,013 |

In addition, the parties were awarded the household goods in their respective possession except that the petitioner was also awarded one-half of the pictures of the children, a radio, a desk, handtools, and clothing which was left in the parties' home. The trial court determined that the household goods awarded equate based upon the difference in the parties' incomes.

The petitioner was awarded all equity in the bakery in Elk Horn and a mobile home he purchased with funds borrowed against his life insurance policy.

The federal and state income tax refunds for the tax year of 1986 in the sum of $5,222 and for the tax year of 1987 in the sum of $6,535 were ordered to be divided equally between the parties.

The petitioner testified that he took the 1986 refund money to pay bills. In 1987, the petitioner filed a separate tax return and used the refund from that year to pay bills.

The respondent was awarded alimony in the total sum of

$120,000, payable in monthly installments of $1,000. It does not terminate upon the death of the petitioner or remarriage of the respondent, but does terminate upon the respondent's death. The judgment provides that the provisions for alimony are final and complete and are not subject to revision, amendment, or modification. The petitioner is required to maintain $75,000 in life insurance, with the respondent the irrevocable beneficiary until the alimony obligation is fulfilled.

> Awards of alimony are initially entrusted to the discretion of the trial judge and will not be disturbed on appeal unless the record establishes that the trial court has abused its discretion. . . . The same standard of review applies to the division of property. . . . An abuse of discretion requires the "reasons or rulings of the trial judge to be clearly untenable and to deprive a party of a substantial right such as to amount to a denial of justice."

(Citations omitted.) *Burhoop v. Burhoop*, 221 Neb. 657, 660, 380 N.W.2d 254, 256 (1986).

Neb. Rev. Stat. § 42-366(7) (Reissue 1988) provides that the trial court may preclude or limit modification of terms in the decree of dissolution except for custody and child support.

From our de novo review of the record, we find no abuse of discretion by the trial court except with respect to the provision that the award of alimony is not subject to revision or modification.

In view of the evidence concerning the health of the parties, it is important that there be some opportunity for modification in the event there is a material change in the circumstances of the parties.

If the petitioner is forced to retire before the age of 65 because of ill health, it appears probable that he would not have sufficient income to make the required payments. The judgment is modified by deleting the provision that the award of alimony is not subject to revision or modification. As so modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.